IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ELIAS LARA ZUNIGA | ) | |
| | ) | |
| v. | ) | 1:14CR48-4 |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Before the Court is a motion by Defendant Elias Lara Zuniga ("Defendant") seeking a reduction in his sentence pursuant to U.S.S.G. § 5K1.1 and Rule 35 of the Federal Rules of Criminal Procedure based upon his claim that he substantially assisted the government during the investigation and prosecution of other individuals involved in criminal activity. (Docket Entry 117.) The Government has filed a response. (Docket Entry 118.)

**I. Background**

On February 24, 2014, a federal grand jury indicted Defendant on one count of conspiracy to distribute five kilograms or more of cocaine hydrochloride in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) and (b)(1)(B). (Docket Entry 22.) On April 17, 2014 Defendant appeared before the Court, pled guilty to the indictment, and signed a plea agreement. (Docket Entry 49; Docket Entry dated 4/17/14.) During his sentencing hearing, the Court adopted the Presentence Report as written (Docket Entry dated 8/19/14), thereby accepting sentencing determinations in the report. (*See* Presentence Investigation Report ("PSR"), Docket Entry 82.) A judgment was entered on September 12, 2014, whereby Defendant was sentenced to a term of 51 months imprisonment, a three-year

term of supervised release, and a $100 special assessment. (Docket Entry 103.) Defendant now moves for a reduction in his sentence asserting that he has provided substantial assistance to the Government, post-sentencing, in its investigation of other criminal activity. (Docket Entry 117.)

II. Discussion

Defendant appears to move for a downward departure based upon U.S.S.G. § 5K1.1, 18 U.S.C. §3553(e), and Federal Rule of Criminal Procedure 35(b). "Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." U.S.S.G. § 5K1.1; *see also* 18 U.S.C. § 3553(e) ("Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.") Such a reduction is determined by considering several factors including: (1) the court's evaluation of assistance provided by the defendant; (2) reliability of information provided by the defendant; (3) the nature and extent of the defendant's assistance; (4) any injury or risk of danger to the defendant or his family as a result of his assistance; and (5) "the timeliness of the defendant's assistance." *Id.* A motion under § 5K1.1 address substantial assistance rendered *prior* to a defendant's sentencing. *United States v. Barnette*, 427 F.3d 259, 262 (4th Cir. 2005).

Once imposed, a term of imprisonment may not be modified by the court except: (1) "upon motion by the Director of Bureau of Prisons . . . after considering the factors set

forth in section 3553(a);" (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure;" or (3) "in the case of a defendant who has been sentenced to a term based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 28 U.S.C. § 3582(c). Rule 35(b) provides a post-conviction substantial assistance reward, *Barnette*, 427 F.3d at 262, whereby upon the Government's motion, the court may reduce a sentence within one year of sentencing based upon "substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(b)(1).[1]

During sentencing, Defendant received a sentence below the statutory minimum sentence of 60 months based upon application of 18 U.S.C. § 3553(f)(1)-(5). (*See* PSR ¶¶ 69-70.) While the government concedes that Defendant provided complete and truthful information during his debriefing giving rise to application of U.S.S.G. § 5C1.2(a)(5) of which he benefited, at no point, either post-conviction or prior to conviction, did the government conclude that he substantially assisted the government based upon the information he provided.

To the extent Defendant seeks to have his sentence reduced pursuant to Fed. R. Crim. P. 35(b) and U.S.S.G. § 5K1.1, his claim fails. In both instances, the express language suggests that the Government, not Defendant, shall initiate the motion. The Government decided not to file a motion for downward departure, apparently because the information provided by Defendant did not substantially assist the government in a subsequent investigation. (Docket Entry 118.) Generally, courts lack authority to review the

---

[1] This statute also permits reduction after more than one year of sentencing under very narrow circumstances. *See* Fed. R. Crim. P. 35(b)(2).

3

Government's decision not to file a substantial assistance motion, but the Supreme Court has recognized three exceptions to the rule. Review is authorized (1) if the government obligated itself in the plea agreement to file a motion; (2) if the decision not to file a motion is based on an unconstitutional motive; or (3) "if the prosecutor's refusal to move was not rationally related to any legitimate government end." *Wade v. United States*, 504 U.S. 181, 185-86 (1992); *United States v. LeRose*, 219 F.3d 335, 342 (4th Cir. 2000); *United States v. Wallace*, 22 F.3d 84, 87 (4th Cir. 1994).

Defendant arguably asserts his position under the first exception for review if the Government obligated itself in the plea agreement to file a motion. Defendant claims that that the Government has refused to file a § 5K1.1 motion in bad faith and has instead sought to file a post-sentence Rule 35(b) motion. (Def.'s Mot. at 1, Docket Entry 117.) Defendant relies upon *U.S. v. Drown*, where the First Circuit vacated the defendant's sentence because the Government deferred its decision to file a § 5K1.1 motion based on the mistaken belief that they could wait to assess the defendant's cooperation until after other proceedings had run their course. 942 F.2d 55, 58-59 (1st. Cir. 1991). This case is distinguishable from *Drown* in that neither party (in *Drown*) disputed the Government's intention to defer their § 5K1.1 recommendation. *Id.* at 58. Here, there is no evidence that the Government was bound to make a § 5K1.1 motion or a Rule 35(b) motion by the plea agreement or any other authority. The plea agreement merely states that "[s]hould the United States file on behalf of the said defendant a substantial assistance pleading, pursuant to Title 18, United States Code, Section 3553(e) and Section 5K1.1 of the United States Sentencing Guidelines, the defendant . . . expressly waives the right to appeal the conviction

4

. . . ." (Plea Agreement ¶ 5(c), Docket Entry 49.) Because the Government did not expressly obligate itself to filing a substantial assistance motion in the plea agreement, it has no duty to make such a recommendation before or after sentencing. *See Wallace*, 22 F.3d at 87 (holding that the defendant's enforceability argument failed because the plea agreement "contained no binding obligation by the government to make the required motion.") As to the second exception, there has been no evidence presented that the Government's decision not to file a motion for substantial assistance was based on an unconstitutional motive. Nor has there been any evidence or argument under the third exception. For these reasons, Defendant's motion should be denied.[2]

### III. Conclusion

For the reasons stated herein, **IT IS THEREFORE RECOMMENDED** that Defendant's motion (Docket Entry 117) for downward departure based upon substantial assistance to the Government be **DENIED**.

Joe L. Webster
United States Magistrate Judge

July 9, 2015
Durham, North Carolina

---

[2] Although not entirely clear, in a lengthy discussion, Defendant points to *United States v. Booker*, 543 U.S. 220 (2005), in an attempt to assert that the Court, in assuring a reasonable sentence, has authority to *sua sponte* weigh evidence of Defendant's cooperation for a downward departure from the sentencing guidelines. The Court notes that "reasonableness standard" set out in *Booker* applies to the federal *appellate* courts' review of federal sentences. *Id.* at 261. Moreover, Defendant's argument here is puzzling as he was, in fact, actually sentenced based upon a reduced guideline range. (*See* PSR ¶¶ 69-73, Docket Entry 82; Judgment, Docket Entry 103.)

5